# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2010

Lyle W. Cayce
Clerk

No. 10-30155
Summary Calendar

DIANE WILLIS

Plaintiff-Appellant

v.

RAY NAGIN, Mayor, City of New Orleans; DEREK MERCADEL, Legal
Department; SHARON MCDONALD, Sanitation Department; WARREN
RILEY; NICOLE POWELL, Officer; LEJEAN JACKSON, Officer

Defendants-Appellees

Appeal from the United States District Court for
the Eastern District of Louisiana, New Orleans
2:09-CV-4202

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Diane Willis ("Willis"), a resident of New Orleans, filed a *pro se* suit against the City of New Orleans, its mayor and various other city officials, alleging damages related to Sanitation Department mis-billing and multiple instances of police inattention and harassment. The district court gave the *pro se* plaintiff's petition a liberal interpretation, and viewing the petition in that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30155

light considered whether she had stated a cause of action under 42 U.S.C. § 1983. The court concluded that she had not. The district court concluded that even if Willis' inattention claims were substantiated, such individual behavior did not qualify as a violation of § 1983. The district court also found that her police inattention and harassment claims did not state a § 1983 claim either, and thus dismissed all of her related claims. Finding that she had stated no federal claim, the district court declined to exercise supplemental jurisdiction over the state claims.

On appeal, Willis simply repeats her earlier arguments alleging police harassment and inaction. She makes no legal argument expressing how the district court erred in dismissing her claims, and offers no substantive argument to challenge the district court's ruling. To the extent that Willis rephrases her argument, she still fails to take into account the reasoning of the district court. Moreover, even if we construe her brief as "naked assertion that the district court erred," that is not enough to form an appeal that can be entertained by this court. *American States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) ("Failure to provide any legal or factual analysis of an issue results in waiver"); *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In sum, Willis has raised no issue that can be noticed or entertained by this court on appeal.

Accordingly, for the reasons stated above, we affirm the judgment of the district court.

AFFIRM.

2